IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL SCHILDGEN                                                        PLAINTIFF

vs.                                     Civil No. 6:11-cv-06068

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michael Schildgen ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability applications on September 28, 2009. (Tr. 8, 399-411).

In his applications, Plaintiff alleged he was disabled due to Crohn's disease and fatigue.  (Tr. 505).

Plaintiff alleged an onset date of October 15, 2007.  (Tr. 399, 406).  These applications were denied

initially and again on reconsideration.  (Tr. 91-94).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 111-120). An administrative hearing was held on December 8, 2010 in Hot Springs, Arkansas. (Tr. 29-90). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI). (Tr. 37). Plaintiff also testified at the administrative hearing in this matter that he had completed the twelfth grade in school. (Tr. 37).

On March 18, 2011, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 8-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2009. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 15, 2007, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: Crohn's disease, Hepatitis C (non-treated), and chronic fatigue syndrome. (Tr. 10-11, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 11-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

2

>After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

*Id.* The full range of sedentary work is defined as follows:

>Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) (DIB), 416.967(a) (SSI) (2012).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 16, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 78-79, 82). Specifically, the VE classified Plaintiff's PRW as a telemarketer as semiskilled and sedentary. (Tr. 82). Based upon that testimony and in light of the ALJ's RFC determination, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 15, 2007 through the date of his decision or through March 18, 2011. (Tr. 16-17, Finding 7).

Thereafter, on March 30, 2011, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 22). On August 26, 2011, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 1-3). On September 1, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 22, 2011. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

## 2.      <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly

4

limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff argues his case must be reversed and remanded and raises the following four points on appeal: (A) the ALJ improperly determined his impairments did not meet the requirements of Listing 5.00 for Hepatitis C and Crohn's disease; (B) the ALJ erred in assessing his RFC; (C) the ALJ erred by failing to utilize the testimony of a VE; and (D) the ALJ erred by failing to fully and fairly develop the record.[2]  ECF No. 12.  In response, Defendant argues the ALJ's disability is supported by substantial evidence in the record and should be affirmed.  ECF No. 13. This Court will address each of these arguments for reversal.

**A.    Listing 5.00**

Plaintiff claims his impairments of Hepatitis C and Crohn's disease meet the requirements of Listing 5.00.  ECF No. 12 at 10-13.  Listing 5.00 includes Listings 5.01 through 5.09 and applies to

---

[2] Plaintiff also raises a fifth argument regarding the ALJ's evaluation of his impairments in combination. ECF No. 12 at 16-18.  However, with this final argument, Plaintiff repeats his previous arguments.  Thus, this Court will address this argument when addressing the other arguments Plaintiff has raised.

Digestive System impairments.  Presumably, Plaintiff is claiming his Crohn's disease and Hepatitis C meet the requirements of Listing 5.05 for chronic liver disease and Listing 5.06 for inflammatory bowel disease.  Even so, to meet the requirements of these Listings, Plaintiff has to provide the results from objective testing which demonstrate his impairments meet these requirements.  Plaintiff has provided no such results.  ECF No. 12 at 10-13.  Accordingly, this Court will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that the ALJ failed to consider whether he met certain listings where the appellant provided no analysis of relevant law or facts).

**B.     RFC Determination**

Plaintiff claims the ALJ erred by failing to fully consider his non-exertional limitations when evaluating his RFC.  ECF No. 12 at 13-14.  Upon review, this Court finds the ALJ fully evaluated all the evidence in the record, including Plaintiff's medical records and his subjective complaints, and properly determined he retains the RFC for sedentary work.  First, this Court will evaluate Plaintiff's medical records.  Second, this Court will evaluate Plaintiff's subjective complaints and review the ALJ's evaluation of those complaints.

**1.     Plaintiff's Medical Records**

In the present action, Plaintiff's medical records demonstrate that he suffers from Crohn's disease and Hepatitis C.  On June 10, 2008, Plaintiff presented to Dr. J. Steven Matthews, M.D. with a history of chronic active hepatitis C, and he reported suffering from extreme weight loss, having lost 30 to 40 pounds over the previous nine months.  (Tr. 556-557).  On July 3, 2008, Plaintiff underwent a colonoscopy and was found to have characteristic signs of Crohn's disease.  (Tr. 559-560).  Dr. Matthews found Plaintiff had "POSSIBLE Crohn's disease of the terminal ileum."  (Tr.

6

602).

On September 24, 2008, Plaintiff underwent hernia surgery, had a liver biopsy performed, and had a suspicious lesion in his groin removed.  (Tr. 586-587).  On November 3, 2008, after this surgery, he was directed to "[r]esume normal activities."[3]  (Tr. 588).  Over a year later, on November 5, 2009, Plaintiff presented to Dr. Troy Oxner, D.O. for ear pain.  (Tr. 597-598).  Plaintiff did not report any other symptoms during this appointment.  *Id.*  It is worth noting that Plaintiff waited over one year for additional treatment; and even when he did seek this treatment one year later, he still did not seek treatment for his Crohn's disease or Hepatitis C.  *See Casey v. Astrue,* 503 F.3d 687, 693 (8th Cir. 2007) (holding that the failure to seek regular treatment was not consistent with the claimant's subjective allegations).

On January 11, 2010, Plaintiff was examined by Dr. Matthews.  (Tr. 709).  Dr. Matthews again recognized Plaintiff had possible Crohn's disease.  *Id.*  He also noted that Plaintiff had been prescribed Asacol to treat this disease but had not been "compliant with the regimen of Asacol prescribed in August of 2008."  *Id.*  Such a failure to follow a prescribed course of treatment for his Crohn's disease detracts from Plaintiff's credibility.  *See Kisling v. Chater,* 105 F.3d 1255, 1257 (8th Cir. 1997) (noting that a failure to follow a prescribed course of treatment may be grounds for denying an application for benefits).

On January 15, 2010, Plaintiff was treated for constipation and was found to have a kidney stone.  (Tr. 628).  On June 6, 2010, Plaintiff was admitted to UAMS Medical Center for abdominal pain.  (Tr. 642-653).  Plaintiff was diagnosed as possibly having Colitis.  *Id.*  On June 9, 2010,

---

[3] Plaintiff had an appointment scheduled on October 16, 2008, but he did not keep this appointment.  (Tr. 588).  As noted in his medical records, Plaintiff "stated he wasn't wasting any more of his time" and walked out of his appointment.  *Id.*

Plaintiff was discharged.  (Tr. 685-686).  Upon discharge, Plaintiff was found to have in an intestinal obstruction, constipation, and abnormal weight loss.  *Id.*  Plaintiff's physician also suspected his abnominal pain resulted from a "Crohn's flare[-up]."  (Tr. 688).  Plaintiff's discharge papers specifically state Plaintiff had "no restrictions" on his activities and had no functional limitations.  (Tr. 685-686).  On June 30, 2010, Plaintiff presented to Dr. Dhaval H. Patel, M.D. at UAMS for treatment of his Crohn's disease and Hepatitis C.  (Tr. 688-691).  Plaintiff had a second follow-up appointment with Dr. Patel on July 28, 2010.  (Tr. 705-707).  No significant changes were noted at either appointment.  *Id.*

On September 14, 2010, after undergoing routine blood work, Plaintiff tested positive for marijuana use.  (Tr. 735-740).  UAMS attempted to contact Plaintiff regarding his drug use, but he was "at deer camp" so UAMS was unable to reach him.[4]  (Tr. 733-734).  On September 20, 2010, UAMS scheduled an appointment to test Plaintiff's pulmonary functioning.  (Tr. 745).  On September 29, 2010, Plaintiff was examined by Dr. Patel as a part of follow-up appointment for his Crohn's disease and Hepatitis C.  (Tr. 746-749).  On October 8, 2010, Plaintiff reported abdominal pain, and was found to suffer from esophagitis in his distal esophagus.  (Tr. 750-751).

On November 1, 2010, Plaintiff was admitted again to UAMS for abdominal pain.  (Tr. 765-777).  Plaintiff was found to have a small bowel obstruction.  (Tr. 812).  Surgery was performed, and ileostomy was required due to Plaintiff's Crohn's disease.  (Tr. 886).  Upon discharge, Plaintiff was directed to "[p]rogressively increase" his activities over the next month, and he was limited to light, non-stressful activities and was restricted to no driving or lifting.  (Tr. 886).

On November 22, 2010, Plaintiff was examined by Dr. Jason S. Mizell, M.D. during a follow-

---

[4] On October 19, 2010, Plaintiff reported to UAMS that he received the message to stop his marijuana use, and he reported he had stopped his marijuana use.  (Tr. 754).

8

up appointment.  (Tr. 892-893).  Dr. Mizell found Plaintiff's pain was "nearly resolved," his ileostomy was functioning will with "some solid stool in the bag," and there were "no significant issues."  *Id.*  On December 1, 2010, Plaintiff was again examined by Dr. Patel for a follow-up appointment, and Dr. Patel reported no significant issues.  (Tr. 898).  Dr. Patel only directed Plaintiff to report in three months for a follow-up appointment.  *Id.*  After this appointment, no further significant medical records are included in the transcript in this case.

## 2.    Subjective Complaints

Throughout his briefing, Plaintiff also argues the ALJ did not properly apply the standards as set forth in *Polaski*.  ECF No. 12.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* and properly evaluated Plaintiff's subjective complaints.   The ALJ stated the *Polaski* factors and then noted the following inconsistencies in the record: (1) Plaintiff testified he stopped using drugs in October of 2000 but tested positive to marijuana use in September of 2010; (2) Plaintiff reported to his physician that he stopped smoking but he testified he continued to smoke a half of a pack a day; (3) Plaintiff's daily activities were extensive and include "prepar[ing] for the day by checking the schedule, making calls, and going to work; performing household chores such as vacuuming, dusting, and light cleaning; and deer hunting (seasonal and at internal of one hour at a time)"; (4) Plaintiff had not been prescribed extensive pain medication; and (5) the medical evidence presented was not consistent with the disabling level of pain and other symptoms alleged by Plaintiff.  (Tr. 14-16).

Because the ALJ properly evaluated Plaintiff's subjective and gave "good reasons" for

discounting those subjective complaints, this Courts find no error in the ALJ's determination on this issue.  *See McCoy v. Astrue,* 648 F.3d 605, 614 (8th Cir. 2011) (holding that if the ALJ explicitly discredits a claimant's subjective complaints and gives good reasons for doing so, the court will normally defer to the ALJ's credibility determination).  Further, based upon the foregoing analysis, because these records demonstrate no greater limitations than those found by the ALJ, this Court finds the ALJ properly assessed his RFC.

  **C.**  **Testimony of a VE**

  Plaintiff claims the ALJ erred by failing to present a hypothetical to the VE regarding his limitations.  ECF No. 12 at 14-15.  In making this argument, Plaintiff apparently argues that the ALJ erred by relying upon the Medical-Vocational Guidelines or "The Grids" in determining he was not disabled.  *Id.*  In his opinion, however, the ALJ *did not apply* the Grids but instead found Plaintiff was not disabled because he could perform his PRW.  (Tr. 16, Finding 6).  Thus, this Court finds Plaintiff's claim on this issue is meritless.

  **D.**  **ALJ's Development of the Record**

  Plaintiff claims the ALJ erred by failing to fully and fairly develop the record.  ECF No. 12 at 15-16.  The ALJ has a duty to fully and fairly develop the record, but the ALJ is only required to ensure the record is sufficiently developed to make an informed decision.  *See Haley v. Massanari,* 258 F.3d 742, 749-50 (8th Cir. 2001).  In the present action, the record contains over nine-hundred pages, and, as fully outlined above, there is no indication the medical records are incomplete.  Thus, this Court finds Plaintiff's claim on this issue is also without merit.

**4.**  <u>**Conclusion:**</u>

  Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 19th day of July 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

12